IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**UNITED STATES OF AMERICA,**

**vs.**  Case No. 5:03cr26-RH
Case No. 5:04cv276-RH/WCS

**JEFFREY LEON HARRIS,**

    **Defendant.**

    _____/

## REPORT AND RECOMMENDATION ON § 2255 MOTION

Defendant filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255.  Doc. 39.  Defendant asserts that the career offender enhancement to his sentence was improper, because this enhancement is determined by reference to the statutory maximum, which was redefined in Blakely v. Washington, 542 U.S. __, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).  Id., pp. 4-5 (ground one).  He asserts that counsel was ineffective for his failure to raise that claim, and for counsel's failure to request a departure from the guidelines because the his criminal history was over-represented by the enhancement.  Id., pp. 5-6 (ground two).  Defendant asserts that the Federal Sentencing Guidelines are unconstitutional under Blakely and Apprendi v. New Jersey,

530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).  *Id.*, pp. 7-8 (ground three). Defendant asserts that Blakely should apply retroactively on collateral review.  *Id.*, p. 8.

Apprendi held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  530 U.S. at 490, 120 S.Ct. at 2362-63, 147 L.Ed.2d 435 (2000).  *See also* Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002).  It was clarified in Blakely "that the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." ) 124 S.Ct. at 2537 (emphasis in original, citations omitted).  This reasoning was extended to the Federal Sentencing Guidelines in United States v. Booker, __ U.S. __, 125 S.Ct. 738, 2005 WL 50108 (January 12, 2005).

At the outset, the language from Apprendi, quoted above, expressly excludes prior convictions.  *See also* Booker, at 125 S.Ct. at 756 (reaffirming this language, including the exclusion of prior convictions); United States v. Marseille, 377 F.3d 1249, 1257-58 and n. 14 (11th Cir.), *cert. denied*, 125 S.Ct. 637 (2004) (Apprendi and Blakely do not require that prior convictions be charged and proven to a jury beyond a reasonable doubt).  Defendant's argument rests on the definition of statutory maximum, and its application to the sentencing guidelines, in light of Blakely and Booker.[1]

Apprendi was found to establish a new procedural rule which did not apply retroactively on collateral review.  McCoy v. United States, 266 F.3d 1245, 1256-58

---

[1] Defendant's judgment was entered on the docket on October 22, 2003.  Doc. 35.  He did not appeal, and his sentence became final before Blakely and Booker were decided, though long after Apprendi was decided.

(11th Cir. 2001). The Eleventh Circuit has recently determined that the extensions of Apprendi, in Blakely and Booker, do not apply retroactively on collateral review. Varela v. United States, __ F.3d __, 2005 WL 367095 (11th Cir. February 17, 2005) (finding "essentially dispositive" the opinion in Schriro v. Summerlin, 542 U.S. __, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004), which concluded that Ring announced a new rule of procedure which did not apply retroactively on collateral review) (other citations omitted).

Finally, Defendant cannot demonstrate ineffectiveness of counsel for failing to raise the claim ultimately successful in Blakely. Prior to Blakely, "the law of this Circuit then recognized the U.S. Code as the source of the maximum sentence. *United States v. Sanchez*, 269 F.3d 1250, 1268 (11th Cir. 2001). As another Circuit has noted, 'In fact, before *Blakely* was decided, every federal court of appeals had held that *Apprendi* did not apply to guideline calculations made within the statutory maximum.'" United States v. Duncan, __ F.3d __, 2005 WL 428414 at *9 (11th Cir. February 24, 2005) (citations omitted). The claim counsel failed to raise was based on an area of law then still not settled by the Supreme Court, and indeed foreclosed by circuit precedent. Ineffective assistance of counsel is not shown. *See* Black v. United States, 373 F.3d 1140, 1144-45 (11th Cir. 2004), *cert. denied*, 125 S.Ct. 942 (2005) (collecting cases).

It is therefore respectfully **RECOMMENDED** that the § 2255 motion (doc. 39), be **SUMMARILY DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on February 28, 2005.


s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**